UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

FRANCIS OBIORA ENWONWU,
    Plaintiff,

v.

DEPARTMENT OF HOMELAND
SECURITY, et al.,
    Defendants.

C.A. No. 1:23-cv-00502-MSM-PAS

ORDER

Mary S. McElroy, United States District Judge.

The plaintiff, Francis Obiora Enwonwu, who is not represented by counsel, alleges that he was assaulted by employees of the Donald W. Wyatt Detention Facility ("Wyatt") while in immigration custody. (ECF No. 1.) Before the Court are a Motion for Summary Judgment by the owner and operator of Wyatt, defendant Central Falls Detention Facility Corporation ("the CFDFC"); a Motion to Dismiss by the United States of America ("the United States"), on behalf of defendant United States Department of Homeland Security, Immigration, and Customs Enforcement ("ICE"); and two motions filed by the plaintiff.

The defendants' Motion to Dismiss and the Motion for Summary Judgment each assert that the plaintiff's claims are time-barred. For the reasons below, the CFDFC's unopposed Motion for Summary Judgment (ECF No. 23) is GRANTED. The United States' Motion to Dismiss (ECF No. 22), to the extent that it is asserted under Fed. R. Civ. P. 12(b)(6), is converted to a motion for summary judgment under F. R.

Civ. P. 12(d) and GRANTED but is DENIED to the extent that it is asserted under Fed. R. Civ. P. 12(b)(1).  Finally, the plaintiff's Motion to Amend Plaintiff's Demanded Amount (ECF No. 15) is DENIED as MOOT and his Motion to Reinstate Former Bail (ECF No. 27) is DENIED.

The plaintiff filed his Complaint on November 29, 2023.  He claims that, while in immigration detention at Wyatt "in 2020," he was "seriously physically assaulted by Wyatt detention facility officers." (ECF No. 1 at 2.)  The Complaint alleges abusive conduct by Wyatt staff during an incident that began in his cell; it also describes his resulting physical and psychological injuries.  *Id.* at 2-3.  In its Answer, the CFDFC admits that, when the plaintiff was a detainee at Wyatt in 2020, "there was a situation in which the Plaintiff was restrained due to his actions," but denies that he was "improperly physically, verbally, or mentally assaulted" by CFDFC employees. (ECF No. 19 ¶ 2.)

The United States brings a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) and 12(b)(1), arguing that the plaintiff's claims are time-barred and that, to the extent that the Court construes the plaintiff's claims as arising under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, the Court lacks subject matter jurisdiction because the plaintiff did not exhaust his administrative remedies. (ECF No. 22.)  The United States submits two declarations with the Motion.  The first, by ICE Assistant Field Office Director Keith Chan, states that the plaintiff was released from ICE custody on April 10, 2020, and has not returned to ICE custody since; the second concerns FTCA exhaustion.  (ECF Nos. 22-1 and 22-2.)

The CFDFC has filed a Motion for Summary Judgment (ECF No. 23) and an accompanying statement of undisputed facts. (ECF No. 24.) It provides an affidavit from Warden Michael Nessinger stating that the plaintiff was released from Wyatt on April 10, 2020, and has not returned to that facility. *Id.* at 4. The CFDFC argues that the plaintiff's action is time-barred under the statute of limitations applicable to either 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) ("*Bivens*").

The plaintiff has filed a Response in opposition to the Motion to Dismiss. (ECF No. 25.) He describes the content of Chan's declaration as a "false fabrication with the intent to mislead this court" and asserts that he has been in ICE custody since December 2022, when he became subject to an immigration detainer.[1] *Id.* at 6. The plaintiff has not responded to the Motion for Summary Judgment.

The Court looks to the Motion for Summary Judgment first. "In ruling on a motion for summary judgment, the court must examine the record evidence 'in the light most favorable to, and drawing all reasonable inferences in favor of, the nonmoving party.'" *De Barros v. From You Flowers, LLC*, 566 F. Supp. 3d 149, 151 (D.R.I. Oct. 13, 2021) (quoting *Feliciano de la Cruz v. El Conquistador Resort & Country Club*, 218 F.3d 1, 5 (1st Cir. 2000)). "Summary judgment can be granted only when 'there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* at 152 (quoting Fed. R. Civ. P. 56(a)). "[A]

---

[1] The plaintiff is incarcerated in Portland, Maine. *See* Cumberland County Inmate Locator, https://inmates.cumberlandcounty.revize.com/bookings (last visited June 22, 2024).

material fact is … a fact that 'has the potential of affecting the outcome of the case.'" *Hamdallah v. CPC Carolina PR, LLC*, 91 F.4th 1, 16 (1st Cir. 2024) (quoting *Taite v. Bridgewater State Univ., Bd. Of Trs.*, 999 F.3d 86, 93 (1st Cir. 2021)).

When the moving party meets its initial burden of showing a lack of genuine issues of material fact, the nonmoving party must come forward with "specific facts showing that a trier of fact could reasonably find in his favor," and in so doing, "cannot rely on conclusory allegations, improbable inferences, and unsupported speculation." *Johnson v. Johnson*, 23 F.4th 136, 141 (1st Cir. 2022) (quoting *Brader v. Biogen Inc.*, 983 F.3d 39, 53 (1st Cir. 2020)) (internal quotation marks omitted). If the nonmoving party does not respond to the motion, the Court "will accept as true all material facts set forth by the moving party with appropriate record support." *De La Vega v. San Juan Star, Inc.*, 377 F.3d 111, 116 (1st Cir. 2004) (quoting *Jaroma v. Massey*, 873 F.2d 17, 21 (1st Cir. 1989) (per curiam)).

"In a proper case, Rule 56 may be used to determine the applicability of a statutory time bar to a particular set of facts." *Rivera-Muriente v. Agosto-Alicea*, 959 F.2d 349, 352 (1st Cir. 1992). Where "a defendant moves for summary judgment on the basis of an affirmative defense – like the statute of limitations – [it] bears the burden of proof and 'cannot attain summary judgment unless the evidence that [it] provides on that issue is conclusive.'" *Ouellette v. Beaupre*, 977 F.3d 127, 135 (1st Cir. 2020) (quoting *Torres Vargas v. Santiago Cummings*, 149 F.3d 29, 35 (1st Cir. 1998)). "If the defendant produces such conclusive evidence, 'the burden shifts to the plaintiff to establish that the statute of limitations does not apply.'" *Id.* (quoting

4

*Asociación de Suscripción Conjunta del Seguro de Responsabilidad Obligatorio v. Juarbe-Jiménez*, 659 F.3d 42, 50 n.10 (1st Cir. 2011)).

The defendant's lack of response to the Motion to Summary Judgment waives his opportunity to contest those facts asserted in the CFDFC's Motion and Statement of Undisputed Facts supported by the record. The Court finds that no genuine dispute of material fact exists and, because the action was filed outside the statute of limitations, the CFDFC is entitled to judgment as a matter of law.

The Court does not need to decide whether to construe the plaintiff's claims as arising under § 1983 or *Bivens* to determine that the action is time-barred. For either cause of action, a federal court borrows the forum state's most appropriate statute of limitations, which, under these circumstances, would be the statute of limitations for personal injury actions. *See Rivera-Muriente*, 959 F.2d at 352 (applying state personal injury action limitations period to § 1983 claims); *Barrett ex rel. Est. of Barrett v. United States*, 462 F.3d 28, 38 (1st Cir. 2006) (applying state limitations period to *Bivens* claims); *see also, e.g.*, *Lacedra v. Donald W. Wyatt Det. Facility*, 334 F. Supp. 2d 114, 127 n.7 (D.R.I. Sept. 13, 2004) (agreeing with the magistrate judge's application of Rhode Island personal injury limitations period to *Bivens* and § 1983 claims). In Rhode Island, the statute of limitations for personal injury actions is three years. R.I.G.L. § 9-1-14(b).

"The date of accrual" of a claim "is determined in accordance with federal law," "ordinarily" occurring "when the plaintiff knows, or has reason to know, of the injury on which the action is based." *Rivera-Muriente*, 959 F.2d at 353 (§ 1983); *see also*

*Barrett*, 462 F.3d at 38-39 (*Bivens*). The plaintiff must also know, or have reason to know, of "the injury's likely causal connection with the putative defendant." *Ouellette*, 977 F.3d at 136.

The Court can accept, based on the Warden's affidavit, that the plaintiff was last in custody at Wyatt on April 10, 2020, meaning that April 10, 2020, is the latest possible day when the incident could have occurred. (ECF No. 24 at 4.) Additionally, under the circumstances presented in the Complaint, the plaintiff would have been aware of both the alleged abusive treatment and its "likely causal connection with" the CFDFC at the time of the incident. *Ouellette*, 977 F.3d at 136.

Tolling rules follow those of the forum state. *See id.* at 135. Under Rhode Island law, equitable tolling requires "either a plaintiff who was not able to discover his or her injury despite diligent efforts or extraordinary circumstances that prevented a plaintiff from complying with the deadline despite using reasonable diligence." *Polanco v. Lombardi*, 231 A.3d 139, 155-56 (R.I. 2020).

No facts before the Court suggest that Rhode Island law would toll the statute of limitations. Where, as here, a defendant asserting the statute of limitations on a motion for summary judgment has already provided "conclusive" evidence that the action is time-barred, *Ouellette*, 977 F.3d at 135 (quoting *Torres Vargas*, 149 F.3d at 35), it becomes the plaintiff's burden to "establish that the statute of limitations does not apply." *Id.* (quoting *Asociación de Suscripción Conjunta del Seguro de Responsabilidad Obligatorio*, 659 F.3d at 50 n.10). The plaintiff has not met that burden. Although the Court is "mindful of the special leniency extended to a *pro se*

6

litigant," *De Barros*, 566 F. Supp. 3d at 152, "the right of self-representation is not a license not to comply with relevant rules of procedural and substantive law." *Eagle Eye Fishing Corp. v. U.S. Dep't of Com.*, 20 F.3d 503, 506 (1st Cir. 1994) (quoting *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 140 (1st Cir. 1995)) (internal quotation marks omitted). In his Response to the United States' Motion to Dismiss, the plaintiff directs the Court to Executive Order 20-100, an emergency declaration by the Governor of Rhode Island related to the coronavirus pandemic. (ECF No. 25 at 7-8.) But the plaintiff has not explained (or provided any facts from which the Court can infer) why the pandemic "prevented" him from complying with the statute of limitations "despite [his] reasonable diligence." *Polanco*, 231 A.3d at 155-56; *see also Walker v. Trivisonno*, C.A. No. 1:22-CV-00236-MSM-LDA, 2023 WL 2016637, at *2 (D.R.I. Feb. 15, 2023) (holding that although the coronavirus pandemic "was an extraordinary event, [the plaintiff] has described no concrete ways in which the pandemic stood as an obstacle to" complying with the statute of limitations).

The statute of limitations thus began to run, at the latest, on April 10, 2020. The plaintiff's November 29, 2023, filing of this action was outside the three-year statute of limitations and the CFDFC is entitled to judgment as a matter of law.

The Court next turns to the United States' Motion to Dismiss. (ECF No. 22.) The United States' Rule 12(b)(1) argument can be addressed in short order. Because the Complaint alleges wrongdoing only by "Wyatt" officers (ECF No. 1), who are not "employee[s] of the Government," but of the CFDFC, the Court does not read the plaintiff's claims as implicating the FTCA. 28 U.S.C. § 1346(b)(1). The Court denies

7

the United States' Motion to Dismiss to the extent that it addresses subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

Moving to the United States' Fed. R. Civ. P. 12(b)(6) statute of limitations argument, in evaluating a plaintiff's claim under the Rule 12(b)(6) standard, the Court looks to "the complaint, documents annexed to it, and other materials fairly incorporated within it," as well as "matters that are susceptible to judicial notice" and documents "referred to in the complaint." *Rodi v. S. New England Sch. of Law*, 389 F.3d 5, 12 (1st Cir. 2004). It may also consider "documents the authenticity of which are not disputed by the parties"; "documents central to [plaintiff's] claim"; and "documents sufficiently referred to in the complaint." *Foley v. Wells Fargo Bank, N.A.*, 772 F.3d 63, 74 (1st Cir. 2014) (quoting *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993)).

But if supplemental documents, not falling into one of these exceptions, "are presented" by the moving party "and not excluded by the court," "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). "This conversion need not be express," so long as the Court "give[s] both sides 'a reasonable opportunity to present all the material that is pertinent to the motion.'" *Foley*, 772 F.3d at 72 (quoting Fed. R. Civ. P. 12(d)) (citing *Bartlett v. Dep't of the Treasury (I.R.S.)*, 749 F.3d 1, 12 (1st Cir. 2014)).

The Court cannot consider the Chan declaration without converting the Motion to Dismiss into one for summary judgment. The declaration is neither attached to, nor referenced in, the Complaint. It is not integral to the plaintiff's civil rights claims.

8

*Cf. Clorox Co. P.R. v. Proctor & Gamble Com. Co.*, 228 F.3d 24, 32 (1st Cir. 2000) (full text of advertising copy could be considered without Rule 12(d) conversion because it was integral to the plaintiff's false advertising claim). It does not recount a matter subject to judicial notice. And the Court construes the *pro se* plaintiff's passionate, if broad and conclusory, attacks on the trustworthiness of the declaration as cutting against a finding that the document's "authenticity … [is] not disputed by the parties." See *Foley*, 772 F.3d at 74 (quoting *Watterson*, 987 F.2d at 3) (where the *pro se* plaintiff "made clear on the record … that he was suspicious of the document" and "called into question [its] integrity," the document's authenticity was not undisputed).

The Court, in its discretion, may "choose[] to ignore the supplementary materials and determine[] the motion under the Rule 12(b)(6) standard." *Garita Hotel Ltd. P'ship v. Ponce Fed. Bank, F.S.B.*, 958 F.2d 15, 18 (1st Cir. 1992). But conversion under Rule 12(d) "[p]romot[es] judicial efficiency" when "defendants possess some document" that makes "waiting until after discovery" to dispose of the claim "an asinine exercise." See *Foley*, 772 F.3d at 72.

Conversion is appropriate here as a matter of judicial economy and because the plaintiff and the United States have both had a "reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). In responding to the substantively identical argument in the CFDFC's Motion for Summary Judgment, the plaintiff had the chance — and, as the nonmoving party, the burden — to present any evidence speaking to the statute of limitations issue, which is also dispositive of this Motion. He did not do so. The Court will consider the

United States' Motion, along with the attached declarations, under the Rule 56 standard described above.

The plaintiff has presented no evidence showing a genuine dispute of the material facts in Chan's declaration: that the plaintiff was released from ICE custody on April 10, 2020, and that he has not returned to ICE custody *at Wyatt* since. With this point established, based on the same reasoning that the Court outlined in granting CFDFC's Motion for Summary Judgment, the action was filed outside the statute of limitations and the United States is entitled to judgment as a matter of law.

Turning to the plaintiff's requests to the Court, in his Motion to Amend (ECF No. 15), the plaintiff asks to modify the Complaint to specify a certain amount of damages and that a jury trial is requested. The Motion is DENIED as MOOT because summary judgment has been granted against the plaintiff as to all claims and all defendants.

Finally, the plaintiff's Motion to Reinstate Former Bail (ECF No. 27) asks the Court to stay his deportation. The United States argues that this Motion is "unrelated to the claims [the plaintiff] brings in this lawsuit" and that the First Circuit has already denied the requested relief. (ECF No. 29.) *See Enwonwu v. Garland*, No. 23-1320 (1st Cir. Aug. 14, 2023). The Court agrees that this Motion cannot serve as a device to assert a new claim unrelated to the underlying complaint and seeking starkly different relief. The plaintiff's Motion (ECF No. 27) is DENIED.

In sum, for these reasons, the Court GRANTS the CFDFC's unopposed Motion for Summary Judgment (ECF No. 23); DENIES the United States' Motion to Dismiss (ECF No. 22), to the extent that it is asserted under Fed. R. Civ. P. 12(b)(1), and GRANTS the Motion to the extent that it is asserted under Fed. R. Civ. P. 12(b)(6); DENIES as MOOT the plaintiff's Motion to Amend Plaintiff's Demanded Amount (ECF No. 15); and DENIES the plaintiff's Motion to Reinstate Former Bail (ECF No. 27).

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge

July 8, 2024